IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTINE BELTZ, individually** | : | **No. 1:08-CV-0927** |
| **and as widow and Administrator** | : | |
| **of the Estate of Ernest D. Beltz** | : | **JUDGE SYLVIA H. RAMBO** |
| **and DUSTIN REBUCK,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AIR-RIDE, INC., and** | : | |
| **JOHN MISIAK,** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M   &   O R D E R

Before the court is Plaintiffs' motion for leave to file an amended complaint. Plaintiffs' claims arise out of a tragic automobile accident. Plaintiffs have filed suit against Defendant John Misiak, operator of a tractor-trailer involved in the accident, and Defendant Air Ride, Inc., employer of Defendant Misiak. Plaintiffs now seek leave to amend their complaint to allege additional tort claims against the Commonwealth of Pennsylvania Department of Transportation ("PennDOT"). For the reasons that follow, Plaintiffs' motion will be granted.

## I.    Background

Plaintiffs' claims arise out of a fatal automobile accident that occurred on March 18, 2008. In the early morning hours, Ernest Beltz and Dustin Rebuck rode as passengers in a vehicle heading southbound on Interstate 81. As they neared the Grantville exit, their vehicle collided with a tractor-trailer operated by Defendant Misiak. Defendant Misiak had parked the tractor-trailer along the berm near the off ramp to the Interstate 81 southbound Grantville exit. Officers and medics arrived

shortly thereafter and pronounced Beltz "dead at the scene."  Rebuck suffered severe facial injuries.

On or about May 5, 2008, the Estate of Ernest Beltz filed a complaint—followed by the filing of an amended complaint adding Rubeck—in the Court of Common Pleas of Dauphin County.  Plaintiffs' claims sounded in negligence, and were based on, among other allegations, Defendant Misiak parking the tractor-trailer on an unlit off-ramp in a dangerous manner and Defendant Air Ride failing to properly train and supervise Misiak and maintain the tractor-trailer. On May 13, 2008, Defendants removed the case from the Court of Common Pleas of Dauphin County to this court.  (Doc. 1.)  On August 19, 2008, Plaintiffs filed a motion for leave to file an amended complaint as well as a supporting brief on August 27, 2008.  (Docs. 19, 21.)  Defendants filed a brief in opposition on September 2, 2008.  (Doc. 22.)  The time for Plaintiffs to file a reply brief has expired.  Accordingly, this motion is ripe for disposition.

## II.   Discussion

Plaintiffs seek leave to amend their complaint to include PennDOT as a defendant.  Plaintiffs would base a claim against PennDOT on negligence and design defect in relation to dangerous conditions on Interstate 81.  Plaintiffs further note that the Commonwealth pursuant to 42 Pa. Con. Stat. Ann. § 8522 has waived immunity under the Eleventh Amendment and that the claim would fall well within the statute of limitations.  Defendants oppose Plaintiffs' motion.  Defendants present several factors they believe weigh against granting the motion.  First, Defendants argue that although the claims against PennDOT arise out of the same set of facts,

granting leave to amend would prejudice Defendants by creating additional expenses for Defendants and leading to a more complicated and lengthy trial.  In addition, Defendants argue that the Commonwealth has not waived its Eleventh Amendment immunity, making the proposed amendment futile.

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend its complaint with the court's leave.  Fed. R. Civ. P. 15(a)(2).  Rule 15 obliges the court to "freely give leave when justice so requires." *Id.*  The court has discretion whether to grant or deny a motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, the court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).  Prejudice under Rule 15 means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *United States v. Honda Accord* ex *VIN # 1HGCG22561A035829*, 245 F. Supp. 2d 602, 613 (M.D. Pa. 2003).

Defendants have failed to present any compelling reasons why the court should deny leave.  First, Defendants suggest that the proposed amendment would create additional costs and lead to a more lengthy and complicated trial likely to confuse or mislead a jury.  The court finds neither of these suggestions persuasive. The court believes that the average juror has the capacity to hear a case involving multiple defendants in which the plaintiffs allege distinct negligent acts against each defendant.  Nor does the court find that any additional costs that might result from adding an additional defendant rise to the level of "prejudice" or "undue difficulty in

3

prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party."  In any event, the waste of time and resources resulting from a second litigation against PennDot outweigh Defendants' interest in preventing a slight increase in litigation costs.

Second, Defendants argue that the amendment adding PennDOT would be futile because the Eleventh Amendment provides immunity from suit to the Commonwealth and the Commonwealth has not waived this immunity.  Contrary to this suggestion, the Commonwealth has waived its immunity under 42 Pa. Con. Stat. Ann. § 8522 in cases in which claims arise from a dangerous condition on a highway under the jurisdiction of a Commonwealth agency.  42 Pa. Con. Stat. Ann. § 8522(b)(4).  In resolving the current motion, the court need not speculate about whether specific claims against PennDOT may or may not fall within this exception or peruse through treatises on tort law and the Eleventh Amendment to help draw fine distinctions.  The plain language of the statute makes clear that at a bare minimum the Eleventh Amendment will not protect the Commonwealth from suit arising from a dangerous condition on a highway under the jurisdiction of the Commonwealth.  Here, Plaintiffs seek leave to amend their complaint to include PennDOT based on, among other things, the theory that dangerous conditions on Interstate 81 caused Plaintiffs to suffer injuries.  Therefore, the court sees no reason to deny Plaintiffs' motion and will grant Plaintiffs leave to amend their complaint.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1) Plaintiffs' motion for leave to file an  amended complaint is **GRANTED**.

4

2) Plaintiffs shall file an amended complaint no later than October 27, 2008.  If Plaintiff fails to file an amended complaint by this date, the suit will proceed upon the original complaint.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  October 7, 2008.